**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
<u>**Alexandria Division**</u>

| | | |
|---|---|---|
| **C.M. BUSTO,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 1:22-cv-771 (RDA/IDD)** |
| | : | |
| **FAIRFAX COUNTY, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**</u>
<u>**RULE 12(b)(5) MOTION TO DISMISS FOR INSUFFICIENT PROCESS**</u>

Defendant, Fairfax County (County), by special appearance of counsel, has

moved this Court to dismiss the Complaint filed against it pursuant to Fed. R. Civ. P.

12(b)(5), and in support thereof, states the following:

<u>**FACTUAL BACKGROUND**</u>

The Plaintiff, C.M. Busto (Plaintiff), filed a Complaint on July 11, 2022, against

Fairfax County.  On July 20, 2022, the Plaintiff filed a copy of a Proof of Service

document that purported to show service of process on the County.  (Doc. 4.)  The box

for proof by personal service was checked, and the location for service was "Fairfax Co.

Courthouse 4110 Chain Bridge Rd." *Id*.  The document establishes that the Plaintiff was

the individual who performed the personal service.  *Id*.  At the bottom of the document,

the Plaintiff added "I filmed it.  Will be mailing camera as evidence." *Id*.  On page two,

the Plaintiff included a web link for "Service of 1:22-cv-00771 on Fairfax Co.

Attorneys." *Id*.  The web address is:

https://www.youtube.com/watch?v=hRegd6W2Ewc. *Id*.  The video shows the Plaintiff

providing copies of the Complaint and the County's summons at the Office of the

Commonwealth's Attorney at the Fairfax County courthouse at 4110 Chain Bridge Road,

Fairfax.

On August 23, 2022, an email was sent to several members of the Fairfax County

Board of Supervisors and the Clerk to the Board. (Ex. 1.) The body of the email

contained the following statement: "Fairfax Co. recently defaulted in fed court case 1:22-

CV-00771, Busto v. Fairfax Co., signifying some amount of cooperation with the Gov. of

Virginia and fed. judges." *Id*. Attached to the email was a picture of a screen showing

the court's online civil docket for this case, which appears to show the filing of the proof

of service on the County. (Ex. 2.) The August 23, 2022, email was the first time the

County was aware that litigation had been filed against it, or that a claim was being made

that the County was in default.

## ARGUMENT

### I. LEGAL STANDARD

Rule 12(b)(5) of the Federal Rules of Civil Procedure "allows the court to dismiss

a complaint that has not been served on a defendant in the manner prescribed by Fed. R.

Civ. P. 4." *Smith v. West Virginia Regional Jail & Correctional Facility*, No.

3:15CV3387, 2016 WL 696606 at *3 (S.D. W. Va. Jan. 26, 2016). Fed. R. Civ. P. 4

provides that service must be made by a "person who is at least 18 years old and not a

party." Fed. R. Civ. P. 4(j) provides that a local government entity like the County must

be served either by "delivering a copy of the summons and of the complaint to its chief

executive officer" or through service "in the manner prescribed by that state's law for

serving a summons or like process on such a defendant." Virginia law provides for

proper service upon the County through service on the County Attorney.  *See* Va. Code §

8.01-300(2).[1]

Once a defendant alleges insufficient service of process, the plaintiff bears the

burden of establishing that they achieved proper service.  *Kyser v. Edwards*, No.

2:16CV5006, 2017 WL 924249 at *2 (S.D. W. Va. Feb. 9, 2017).  "Service of [a]

summons is the procedure by which a court having venue and jurisdiction of the subject

matter of the suit asserts jurisdiction over the person of the party served."  *Omni Capital*

*Intern., Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987).  Without personal

jurisdiction, the court cannot enter judgment against a defendant.  *Koehler v. Dodwell*,

152 F.3d 304, 306 (4th Cir. 1998).

## II.     THE COMPLAINT MUST BE DISMISSED AS TO FAIRFAX COUNTY FOR INSUFFICIENT SERVICE OF PROCESS

Here, the Plaintiff delivered a copy of the Complaint and the County's summons

to the Office of the Commonwealth's Attorney in the courthouse.  This was not proper

service because the County has created an Office of the County Attorney, and pursuant to

Virginia law, service on the County must be accomplished through service to the County

Attorney.  Va. Code § 8.01-300(2).  Furthermore, the Rules require service to be

accomplished by someone who is not a party to the litigation.  Fed. R. Civ. P. (c)(2).  The

web link that the Plaintiff included in his Proof of Service document shows the Plaintiff

personally handing the Complaint and Summons to the receptionist at the Office of the

Commonwealth's Attorney.  Thus, the Plaintiff has failed to properly serve the County

and this court does not have personal jurisdiction over it.

---

[1] Va. Code § 8.01-300(2) provides that service on a county may be effectuated through
service on the attorney for the Commonwealth only if the County has not created a
County Attorney position.  Fairfax County has created such a position.

## **CONCLUSION**

For the foregoing reasons, the County respectfully requests that the Complaint be

dismissed.

> Respectfully submitted,
>
> FAIRFAX COUNTY
> By Counsel, by special appearance

ELIZABETH D. TEARE
COUNTY ATTORNEY


By              /s/            
    Kimberly P. Baucom, Senior Assistant County Attorney
    Virginia Bar Number 44419
    Office of the County Attorney
    12000 Government Center Parkway, Suite 549
    Fairfax, VA  22035-0064
    Phone: 703-324-2421
    Fax: 703-324-2665
    Kimberly.Baucom@fairfaxcounty.gov
    Counsel for Fairfax County, by special appearance

**CERTIFICATE OF SERVICE**

        I hereby certify that on the 26th day of August, 2022, I mailed the foregoing to the following:

C.M. Busto
1041 Wisconsin Avenue
Washington D.C. 20007
(223) 233-7157
Saskatoon.banzai@proton.me
Counsel for Fairfax County

                                    _____/s/_____
                                        Kimberly P. Baucom