IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| C.M. BUSTO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-00771 (RDA/IDD) |
| | ) | |
| FAIRFAX COUNTY, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

This matter comes before the Court following *pro se* Plaintiff C.M. Busto's filing of a Complaint on July 11, 2022 before this Court and Defendant Fairfax County's subsequent Motion to Dismiss for Insufficient Process with a *Roseboro* notice ("Motion"). Dkt. Nos. 1; 19. Federal Rule of Civil Procedure 12(b)(5) permits courts to dismiss a complaint for "insufficient service of process" with respect to the "mode of delivery or the lack of delivery of the summons and complaint" to the named defendant(s). *See Gilberti v. Pentagon*, No. 21-cv-680, 2022 WL 3447162, at *2 (E.D. Va. July 14, 2022). Federal Rule of Civil Procedure 4 governs the proper service of process whereby a "person who is at least 18 years old *and not a party*" must deliver the complaint and summons to each defendant. Fed. R. Civ. P. 4(c)(1) (emphasis added). Moreover, any local government entity must be served either by "delivering a copy of the summons and of the complaint to its chief executive officer" or "in the manner prescribed by the state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j). Virginia code directs that service on a county like Fairfax County, in which the county has created a County Attorney position, must be made upon the County Attorney. *See* Va. Code § 8.01-300(20). Upon consideration of the Motion and this Court's inspection of the summons materials filed with the

Court, Dkt. 4, Plaintiff has both served the summons in person and failed to serve the Fairfax County Attorney.  Lastly, Plaintiff has not served Defendant Penney Azcarate and because no service of the complaint and summons has been made within 90 days of the filing of the operative complaint, Plaintiff has also failed to properly serve Defendant Azcarate.

Upon inspection of the Complaint, Plaintiff has also not provided a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Complaint fails to state a plausible claim and includes an indecipherable set of conclusory allegations related to an individual who is not a named plaintiff. *See* Dkt. 1.  Accordingly, pursuant to Federal Rules of Civil Procedure 4(c)(1), (j), and (m), and 8(a)(2), it is hereby ORDERED that Defendant's Motion to Dismiss is GRANTED and the Complaint (Dkt. 1) is DISMISSED as to each defendant for insufficient service and failure to state a claim; and it is

FURTHER ORDERED that Plaintiff's outstanding motions (Dkt Nos. 8; 17; and 18) are DISMISSED as MOOT.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Order.  A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal.  Plaintiff need not explain the grounds for appeal until so directed by the court of appeals.  Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward a copy of this Order to Plaintiff's mailing address and to close this civil action.

Alexandria, Virginia
October 12, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge